## DUMAS *v.* GEER.

ATTACHMENT—PROPERTY SUBJECT—LAND CONTRACT—INTEREST OF
  PURCHASER—ASSIGNMENT.

> Where a purchaser of land on executory contract assigns his
> interest in good faith for value, the assignee being in posses-
> sion, that interest is not subject to attachment thereafter for
> a debt previously contracted by him, though the creditor was
> ignorant of the assignment.

Appeal from Wexford; Chittenden, J.    Submitted
April 6, 1906.  (Docket No. 29.)   Decided June 5, 1906.

Bill by Lottie Dumas against Harry Geer to remove a
cloud from the title to land.   From the decree rendered,
complainant appeals. · Modified and affirmed.

*E. F. Sawyer*, for complainant.

*D. E. McIntyre*, for defendant.

HOOKER, J.   Complainant's husband, Joseph F. Du-
mas, and his brother Frank, purchased under contract,
on June 16, 1902, a house and lot in Cadillac, for $800,
one-half being paid down.   Joseph F. contributed $350
and Frank $50 of this amount.   They all resided in the
house until November, 1902, when complainant and her
husband separated, at which time Joseph assigned his in-
terest to the complainant, who continued to live in the
house.   On October 12, 1904, the defendant levied an
attachment against Frank Dumas upon his interest in the
premises, and in November, 1904, this bill was filed by
the complainant to remove the cloud of such levy upon
the title, claiming that she was the owner of the interests
of both brothers at the time of the levy.   The cause was
heard, proof being taken in open court, and the court ren-
dered a decree that—

"It satisfactorily appears   *   *   *   that the material facts charged in the bill   *   *   *   are true, and that the said complainant is entitled to the relief prayed for as follows: That upon June 16, 1902, Joseph and Frank Dumas purchased the premises upon an executory contract, and that Joseph transferred his interest in the property to the complainant on November 29, 1902, and that the said Frank Dumas sold and transferred his interest in said contract to said Lottie Dumas on July 6, 1904; that therefore said Lottie Dumas is now the sole owner of said executory contract, and is therefore entitled to a deed thereto upon the completion (i. e., performance) of its terms; that the attachment levy which was made October 15, 1904,   *   *   *   constitutes a cloud upon the complainant's title; and that said levy be and the same hereby is canceled and removed, upon condition, however, that said complainant pay to said defendant, or deposit with the register in chancery for the use and benefit of the defendant, the sum of $95.65, being the amount of certain claims held by said defendant, the goods which were purchased by Frank J. Dumas prior to July 6, 1904."

The complainant has appealed.

The evidence shows that the contract for the premises was made as alleged, and signed by all of the parties, and recorded, that complainant has lived upon the premises since, and that Frank boarded with her upon the premises after her husband left until September, 1904. Assignments of both of the brothers' interests in writing were introduced, Frank's bearing date July 6, 1904. She paid $115 for the same in money, and turned a claim of $35 against him upon it, if the testimony of Frank Dumas and herself and her father is to be believed. No testimony is offered on the part of the defense. The attachment was levied, while complainant was in the exclusive possession, Frank having left town some months before.

Counsel for defendant urges in the brief, that all of the parties held out to the world, that Frank held his interest in the property, at the time the levy was made, and that the learned circuit judge was satisfied that complainant had not purchased in good faith. We do not see how the circuit

judge reached the result shown by his decree, except upon the theory that the defendant's levy was made valid by his ignorance of the assignment. He expressly found that the interest of Frank was purchased and transferred on July 6th, and does not indicate in the finding that it was fraudulent. It must follow that Frank had no interest subject to levy. It is our understanding that defendant's ignorance of the transfer to the complainant of Frank's interest would not make the levy valid, and we find nothing in the record which will support the proviso or condition imposed by the decree.

The decree must be modified, and a decree entered here in favor of the complainant as prayed, with costs of both courts.

GRANT, BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.